763 S.E.2d 53

Boisha WOFFORD, alleged surviving spouse, and Kaelyn
Wofford, surviving child, on behalf of Brian Wofford,
deceased employee, Appellants,

v.

CITY OF SPARTANBURG, through the SOUTH CAROLINA
MUNICIPAL INSURANCE TRUST, Respondents.

Appellate Case No. 2014–001269.

Court of Appeals of South Carolina.

Aug. 22, 2014.

ORDER

PER CURIAM.

This is an appeal from the Workers' Compensation Commis-
sion. Respondents have filed a motion to dismiss the appeal
on the ground that the notice of appeal does not state the
grounds of the appeal or the alleged errors of law as required
by section 42–17–60 of the South Carolina Code (Supp.2013).
We deny the motion to dismiss.[1]

This Court reviews decisions of the Commission under the
Administrative Procedures Act (APA). S.C.Code Ann. § 1–
23–380 (Supp.2013) ("A party who has exhausted all adminis-
trative remedies available within the agency and who is ag-
grieved by a final decision in a contested case is entitled to
judicial review pursuant to this article. . . ."); *Bone v. U.S.
Food Serv.,* 404 S.C. 67, 73, 744 S.E.2d 552, 556 (2013) ("The
APA establishes the standard for judicial review of decisions
of the Commission."); *Rodriguez v. Romero,* 363 S.C. 80, 84,
610 S.E.2d 488, 490 (2005) ("Review of a decision of the
workers' compensation commission is governed by the
[APA]."). The Legislature intended the APA "to provide a

---

1. Respondents also argue the Commission's decision must be affirmed
under the two-issue rule. *See Jones v. Lott,* 387 S.C. 339, 346, 692
S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, where a decision is
based on more than one ground, the appellate court will affirm unless
the appellant appeals all grounds. . . ."). We decline to address the two-
issue rule until a panel reaches the merits of the appeal.

uniform procedure for contested cases and appeals from administrative agencies and to the extent that a provision of [the APA] conflicts with an existing statute or regulation, the provisions of [the APA] are controlling." *See* Act No. 387, 2006 S.C. Acts 3131 (explaining the intent of the 2006 amendments to the APA).

Pursuant to subsection 1–23–380(1), "Proceedings for review are instituted by serving and filing notice of appeal as provided in the South Carolina Appellate Court Rules." Rule 203(d)(2)(B), SCACR—entitled "Notice of Appeal; Filing; Appeals from Administrative Tribunals; When and What to File"—does not require that a notice of appeal state any grounds or alleged errors. Because the requirement in section 42–17–60—that a notice of appeal "must state the grounds of the appeal or the alleged errors of law"—conflicts with the Appellate Court Rules the APA requires us to apply, Rule 203 controls. *See Pringle v. Builders Transp.*, 298 S.C. 494, 496, 381 S.E.2d 731, 732 (1989) ("Where provisions of the APA and the Workers' Compensation Act conflict, the APA controls."). Accordingly, a party filing an appeal from the Commission to the Court of Appeals need not state in the notice of appeal the grounds of the appeal or the alleged errors of law. *See Allen v. Florence Pole & Piling, Inc.*, S.C. Sup.Ct. Order dated November 6, 2008 (holding because section 42–17–60 conflicts with the APA, "failure to state grounds for appeal or alleged errors of law in the[ ] notice of appeal does not require dismissal of the appeal"). This appeal will not be dismissed for noncompliance with section 42–17–60.

/s/JOHN CANNON FEW C.J.

/s/THOMAS E. HUFF, J.

/s/PAUL E. SHORT, JR., J.
   FOR THE COURT